[Civ. No. 768.   Second Appellate District.—March 31, 1910.]

KIEFHABER LUMBER COMPANY, a Corporation, Respondent, v. CONSOLIDATED LUMBER COMPANY, a Corporation, Appellant.

SALES OF LUMBER—COLLECTION AGENT FOR DEFENDANT—DELIVERY OF ORDERS TO CUSTOMERS—CHARGE TO AGENT—PAYMENT OF EXCESS —RECOVERY BY ASSIGNEE.—When a lumber company, assignor of plaintiff, stood in the position of an agent for defendant company in collecting sales of its lumber and making collections, and the lumber sold was directly delivered by defendant to each customer and the price charged to its agent, the agent can only be held chargeable with the actual contract price of the lumber shipped to a customer; and where, by mistake, an overcharge was

made to the agent, and the excess was paid to defendant, in ignorance of the error, the agent company was entitled to reimbursement from defendant of the amount of the error occasioned by defendant's act, and the plaintiff company, as its assignee, may recover judgment for such amount, where no part of it was ever paid.

ID.—SUFFICIENCY OF ASSIGNMENT.—A written bill of sale subsequently made by the agent company transferring all of its assets to the plaintiff company, including its claim against the defendant for reimbursement of the excess paid to defendant, entitles the plaintiff to recover the amount thereof.

ID.—ASSIGNMENTS OF INSUFFICIENCY OF EVIDENCE—SUPPORT OF FINDINGS AND JUDGMENT.—Where the only specifications of error made by the defendant company appealing relate to the insufficiency of the evidence to sustain the findings, and there is evidence sufficient to support every finding made by the court in favor of plaintiff and its assignor, and against the answer of the defendant, and the findings support the judgment for plaintiff, the decision of the trial court must be sustained.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

W. W. Middlecoff, Percy R. Wilson, and H. M. Willis, for Appellant.

Eugene C. Campbell, for Respondent.

ALLEN, P. J.—The facts as found by the court are these: Defendant, a corporation, was engaged in the wholesale lumber business at Los Angeles. The Newport Lumber Company, a corporation, was engaged in the retail lumber business at Redlands in San Bernardino county. The principal amount of the capital stock of the latter company was owned by the former. The defendant company sold to the Newport company a bill of lumber which was by the defendant shipped directly to the consumer, but charged, under a business arrangement existing between the two corporations, to the Newport company. In billing the lumber to the Newport company a charge of $446.29 in excess of the contract price at which the lumber was sold appeared. The New-

port company, without discovering such error, paid to defendant the amount of the bill as rendered to defendant. Thereafter, the Newport company sold and assigned to plaintiff its claim on account of such excess payment so made by mistake, no part of which has ever been repaid. The court rendered judgment in favor of plaintiff, from which judgment and an order denying a new trial defendant appeals.

The issues presented by the pleadings involve not only the fact of sale and delivery of the lumber as found by the court, but the payment of the sum through mistake, as well as the assignment of the claim, if any existed. An affirmative defense was presented by defendant's answer, to the effect that any claim on account of overcharge in the transaction was not included in the sale and assignment of the assets of such company to plaintiff. The court found against defendant as to each and all of the allegations of its answer. The specifications of error all relate to the insufficiency of the evidence to support the various findings.

Considering the findings with reference to the sale and the fact that an error existed in the billing of the lumber, we find evidence in the record tending to show that one Nofziger, the active agent in the contract of sale on behalf of the lumber company, was the president of the Newport company, as well as the sales agent of the defendant, but the retail lumber business in Redlands and vicinity as between the two corporations had been allotted as territory in which the Newport company was to carry on its retail business; that the material connected with the controversy had been contracted by Nofziger at a fixed price less than the listed retail price at which lumber was billed to the Newport company, and, notwithstanding the direct shipment to the consumer, the transaction was treated between the two corporations as a retail sale in the territory of the Newport company, and, in keeping with their business transactions, the charge by defendant was made directly to the Newport company, and the Newport company, in ignorance of the contract made with the consumer, credited the defendant with the list price and charged the consumer therewith. After payment by the Newport company to defendant, the Newport company undertook to collect the amount of the bill, when the error was discovered, and Nofziger,

admitting the mistake, directed the Newport company to credit the consumer with the excess above the contract price and charge back to the Consolidated company the amount of such error, and a settlement was made by the Newport company with the consumer accordingly.

We think, under the circumstances narrated, the Newport company, being in a sense a collection agency for the defendant, could only be held chargeable with the actual contract price of the material shipped to the consumer, and having no knowledge of the error and being restricted in the amount of its collection from the consumer to the actual contract price, was entitled to reimbursement from the defendant of the amount of such error occasioned by defendant's act. The contract, under the circumstances, was correctly interpreted by the trial court as a sale to the Newport company. The written bill of sale subsequently made by the Newport company to the plaintiff comprehended a transfer of all of its assets, including this claim against defendant.

Treating the amendment to defendant's answer, in which is alleged the mistake in the bill of sale, as a pleading sufficient to raise an issue entitling defendant to a correction thereof, the court determined that it was not satisfied that such mistake existed, and found against the defendant in relation thereto, and from the evidence the court was warranted in such finding.

The record presents a case which, in our opinion, demands upon the part of defendant that it reimburse the assignee of the Newport company, plaintiff herein, to the extent of the error so occasioned by the Consolidated company; and we find no error in the record warranting a reversal of the judgment or of the order, and the same are affirmed.

Shaw, J., and Taggart, J., concurred.